IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAKENDRICK CANNON, a minor by ) | |
| and through his next friend and custodial ) | |
| mother, Ulanda McCovery, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION 04-0747-P-M |
| ) | |
| LA PETITE ACADEMY, ) | |
| ) | |
| Defendant. ) | |

ORDER APPROVING SETTLEMENT

Pending before this court is a Petition For Approval of *Pro Ami* Settlement in this tort action involving a minor (doc.17). Following a hearing on the matter conducted on July 14, 2005, and after consideration of all relevant matter presented, this court APPROVES the settlement as presented by the parties.

This case was originally filed on October 7, 2004, in the Circuit Court of Mobile County, Alabama, by plaintiff Lakendrick Cannon, a minor by and through his next friend and custodial mother Jalonda McCovery, against defendant La Petite Academy ("La Petite") (CV-2004-3660) (doc.1-Exhibit A, attached). The action was removed to this federal district court on November 22, 2004, pursuant to 28 U.S.C. § 1332(a)(1) (doc.1). Plaintiff is an Alabama citizen, residing in Mobile, Alabama. Defendant is a Delaware corporation with its principal place of business in Illinois, operating a day care facility in Mobile, Alabama (doc.1). There is no dispute that the amount in controversy

exceeds the requisite minimum federal jurisdictional amount. Id. Venue is proper under 28 U.S.C. § 1391(a)(2).

The Complaint alleges that on October 8, 2002, plaintiff was in care of La Petite. He was allowed to play in its yard which contained an unused and defective sandbox constructed with tall poles and a wooden frame for a canopy top. Plaintiff climbed one of the poles, fell, and broke his wrist. Plaintiff claims: (1) Negligence; and (2) wantonness in failing to maintain the yard, to remove the poles and top frame from the sandbox, and in its supervision and training of its employees. Plaintiff alleges that La Petite's negligence and wantonness proximately caused plaintiff's fall and resulting injury, pain and suffering, permanent injury, and medical expenses. Plaintiff seeks compensation and punitive damages (doc.1-Complaint).

La Petite denied the allegations and asserted numerous affirmative defenses (doc.2).

On January 3, 2005, this court appointed Terrie Seal Owens, Esq., as *guardian ad litem*, to serve in this matter on behalf of plaintiff (doc.6). On January 11, 2005, this court entered the Rule 16(b) Scheduling Order setting the discovery completion date for June 30, 2005, and the dispositive motions deadline for July 14, 2005 (doc.9, items 2 and 8).

On June 3, 2005, the parties jointly filed the subject Petition (doc.17). With the Petition, the parties submitted a proposed order approving the settlement agreement. Id., attachment. In exchange for settlement of this action, La Petite agrees to pay plaintiff $5,000.00, from which plaintiff's attorney is to receive his fee and expenses, and from which the Alabama Medicaid Agency's negotiated subrogation claim is to be satisfied. La Petite also agrees to pay, over and above the settlement amount, the reasonable fee of the *guardian ad litem*.

Because this action involves a minor plaintiff, the settlement agreement is subject to court approval. On July 14, 2005, a hearing was conducted to review the reasonableness of the settlement. The proceeding was attended by the *guardian ad litem*, plaintiff, plaintiff's custodial mother Jalonda McCovery, and plaintiff's older brother Ladarius McCovery, counsel for plaintiff Todd S. Strohmeyer, and counsel for defendant Sanford Graham Hooper.

At the hearing, the facts were presented as follows. Jalonda McCovery testified that at the time of the accident, plaintiff was six years old. Plaintiff is presently eight years old and is in the third grade. His date of birth is September 9, 1996. Plaintiff has a learning disability and a minor speech impediment unrelated to the subject incident. This summer, plaintiff is attending Sylvan Learning Center to improve his reading and math skills to bring him up to grade level.

The subject incident occurred on Tuesday, October 8, 2002. Jalonda McCovery testified that when she picked plaintiff up from La Petite at approximately 6:00 p.m., staff reported to her that plaintiff had had an accident and had been hurt. He had been treated with a topical ice pack and ibuprofen. Staff reported that plaintiff had climbed a pole incorporated into the structure of a sandbox which supported a wood frame over the box ("monkey bars" atop a sandbox) (see Court Ex. 1, photographs of the site).

Jalonda McCovery expressed her concern over the fact that the La Petite staff had not informed her immediately after her son's accident. She testified that the next day plaintiff's wrist was swollen so she took him to Providence Hospital emergency service.

The medical records reflect that plaintiff arrived at Providence Hospital on Friday, October 11, 2002, at 11:03 a.m., by car, accompanied by his mother. At 11:15 a.m., he was treated. The

emergency physician found him alert and oriented although in pain (Court Ex.2). On a pain scale from 1-to-10, plaintiff's pain was recorded as a "4," indicating "moderate" pain. Id. Plaintiff's x-rays reflected a right wrist "horizontal fracture through the junction of the distal right radial metaphysis and diaphysis." Id. Plaintiff's wrist was immobilized in a splint and sling and he was discharged at 12:30 p.m., with a referral to Dr. Engerson, an orthopaedic surgeon. Id.

On Wednesday, October 15, 2002, plaintiff was seen by Dr. Todd D. Engerson. Dr. Engerson's notes reflect plaintiff's injury and indicates "no involvement of the growth plate." Id. Plaintiff's wrist was placed in a "short-arm cast." Id. Plaintiff's mother was instructed to bring plaintiff back in two weeks for a follow-up appointment. On Friday, October 25, 2002, plaintiff returned to Dr. Engerson. Dr. Engerson's notes reflect: "Cast removed today on the right wrist. He is still a little bit tender, but overall the position looks good. X-rays look perfect. We are going to put him back in a cast, short-arm, see him back in 2 weeks, cast off, x-rays, definitely leave him out of the cast then." Id.

On November 22, 2002, Dr. Engerson noted: "[H]e still has a bit of tenderness. His mom would feel much more secure about him being in a cast to protect it, she says he is a very rough kid. Right wrist looks great on x-ray today, abundant callus. Will protect him in a short-arm cast, see him back in 2 weeks, re-x-ray, no more casts after this." Id.

On December 11, 2002, Dr. Engerson wrote: "He is completely non-tender, has excellent ROM, getting his muscles back. X-ray looks perfect. At this point he can go back to all activity unrestricted." Id.

Jalonda McCovery testified that plaintiff has healed well, there was no need for surgery, and plaintiff exhibits no residual affects from the accident. Plaintiff told the court that he is feeling well and is

experiencing no trouble with this right arm and in particular with his right wrist.

Jalonda McCovery testified that after the accident she engaged the law firm of Maloney-Strohmeyer, L.L.P., to file suit on behalf of her son.  Pursuant to her agreement with the Firm the fee would be 40% of any compensation awarded, plus expenses.

Mr. Strohmeyer stated that early in the proceedings La Petite offered to settle the suit for $5,000.00.  Mr. Strohmeyer stated that the Firm has agreed to accept a reduced fee, 25% of the settlement, $1,250.00, plus expenses in the amount of $462.22.  Mr. Strohmeyer also stated that the Medicare subrogation claim has been negotiated down from $528.70 (see Court Ex.2), to $121.43.  The balance to plaintiff under the settlement is $3,166.35.  Mr. Strohmeyer stated that the settlement funds to plaintiff are to be paid to his mother pursuant to the Uniform Transfer to Minors Act, Ala. Code § 35-5A-1, et seq., (1991).

The Statute provides, in part, that

> a person... who holds property of or owes a liquidated debt to a minor not having a conservatorship may make an irrevocable transfer to a custodian for the benefit of the minor... provided, however, that transfers from obligors to a custodian under this section must not exceed $10,000 in aggregated value at the time of transfer.

§ 35-5A-8.  The Statute also provides a manner for creating such transfers:

> Custodial property is created and a transfer is made whenever: ... Money is paid or delivered to a broker or financial institution for credit to an account in the name of the transferor, an adult other than the transferor, or a trust company, followed in substance by the words: "as custodian for _____ (Name of minor) under the Alabama Uniform Transfers to Minors Act";...

§ 35-5A-10(a)(2).

La Petite's counsel stated that he was satisfied with the agreed to settlement.  Counsel also reaffirmed that La Petite will pay the fee of the *guardian ad litem*.

The *guardian ad litem*, expressed satisfaction with the proposed outcome of this action on plaintiff's behalf. She also submitted an Accounting of Guardian Ad Litem Fees (Court Ex.3). The Accounting reflects a total fee in the amount of $742.00 for 5.30 hours of services calculated at $140.00 per hour. This court is satisfied with the services rendered to this court by the *guardian ad litem* on plaintiff's behalf and finds the fee requested by the *guardian ad litem* to be reasonable.

Jalonda McCovery testified that she believes the settlement is fair and that the attorney's fee for Maloney-Strohmeyer, L.L.P., is reasonable. She also testified that she is twenty-seven years old and has a high school education, having attended Murphy High School. She is married with three children, Ladarius, plaintiff, and a baby daughter. She has been employed by Aaron's Sales & Lease Ownership since 1997, and her husband is a manager with Super Lube.

Jalonda McCovery testified that she understands that the proposed settlement funds belong to plaintiff. She stated that it was her intention to deposit the settlement funds in an account on behalf of plaintiff at New Horizons Credit Union, located on Airport Boulevard in Mobile, Alabama, pursuant to § 35-5A-10(a)(2).

On the facts presented to the court, the court finds the proposed settlement fair and reasonable.

The Uniform Guardianship Act, Ala. Code § 26-2A-1, *et seq*. (1991), provides, in part, that

> [a]ny person under a duty to pay... money ... to a minor may perform the duty... by paying... the money ... to: (1) [a]ny person having the care and custody of the minor and with whom the minor resides... Payments... must not exceed $5,000.00 if paid in a single payment, or $3,000.00 per year if paid in a series of payments...

§ 26-2A-6. Thereunder, the court *may* appoint a conservator or make any other protective order for cause. § 26-2A-130(c) (emphasis added).

Due to the relatively small amount of the settlement to be awarded, the expense which would be involved in ordering this money paid to the Probate Court of the State of Alabama, and insofar as plaintiff's mother is found by this court to be a responsible person who understands her obligation regarding the settlement funds for plaintiff, this court ORDERS the parties' Petition For Approval of *Pro Ami* Settlement be and is hereby GRANTED, and that the settlement funds be distributed as set out in the parties' proposed order approving the settlement.

Accordingly, it is ORDERED that the court-approved settlement be EFFECTUATED as follows:

1. Judgment be entered in favor of the minor plaintiff Lakendrick Cannon, by and through his mother Jalonda McCovery, in the amount of $5,000.00 against defendant La Petite who does not admit liability for the injury suffered by the minor plaintiff;

2. out of the settlement funds Maloney-Strohmeyer, L.L.P., is to receive an attorney's fee in the amount of $1,250.00, plus expenses in the amount of $462.22;

3. the Alabama Medicaid Agency is to be paid $121.43 in satisfaction of its subrogation claim; and

4. the balance of the settlement funds in the amount of $3,166.35 ($5,000.00 - $1,833.65 ($1,250.00 + $462.22 + $121.43 = $1,833.65) = $3,166.35) are to be paid to Jalonda McCovery for deposit with New Horizons Credit Union pursuant to § 35-5A-10(a)(2), on plaintiff's behalf. Mr. Strohmeyer shall notify the court when the funds have been so deposited.

It is further ORDERED, that pursuant to the court-approved settlement agreement, La Petite shall pay to Terrie Seals Owens, *guardian ad litem*, a reasonable fee in the amount of $742.00 (5.30

hours x $140.00 per hr. = $742.00) for services rendered to this court in this action.

DONE this 21st day of July, 2005.

                                               Virgil Pittman
                                           SENIOR UNITED STATES DISTRICT JUDGE